UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Olandio Ray Workman, | Civil Action No.: 6:17-cv-03046-RBH |
| Petitioner, | |
| v. | **ORDER** |
| Director of the Greenville County Detention Center, | |
| Respondent. | |

Petitioner Olandio Ray Workman, a state pretrial detainee proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* ECF No. 1. The matter is before the Court for consideration of Petitioner's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kevin F. McDonald.[1] *See* ECF Nos. 11 & 14. The Magistrate Judge recommends that the Court summarily dismiss Petitioner's § 2241 petition without requiring Respondent to file a return. R & R at p. 6.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

**Discussion**[2]

Petitioner is a state detainee awaiting trial on five criminal charges, *see* R & R at p. 3, and he seeks habeas relief in the form of "be[ing] given a PR [personal recognizance] bond and set free." ECF No. 1 at p. 9. The Magistrate Judge recommends summarily dismissing Petitioner's § 2241 petition based on *Younger*[3] abstention.[4] *See* R & R at pp. 4–6. Initially, the Court notes Petitioner does not appear to specifically object to the Magistrate Judge's recommended application of the *Younger* abstention doctrine. *See Diamond & Camby*, *supra* (recognizing that in the absence of a specific objection, the district court need only review the record for clear error). Regardless, the Court agrees with the Magistrate Judge that *Younger* abstention is appropriate because (1) Petitioner is involved in

---

[2] The R & R thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards.

[3] *Younger v. Harris*, 401 U.S. 37 (1971).

[4] The Magistrate Judge also correctly noted Petitioner's claims alleging violations of his civil rights are not appropriate for a § 2241 petition. R & R at p. 6 n.2; *see Rodriguez v. Ratledge*, __ F. App'x __, __, 2017 WL 5899931, at *3 (4th Cir. Nov. 29, 2017) (explaining "courts have generally held that § 2241 petitions are not" the appropriate mechanism for bringing "civil rights actions" or " challeng[ing] conditions of confinement").

2

ongoing state criminal proceedings (2) that implicate important state interests, and because (3) Petitioner has an adequate opportunity to raise his federal claims in the state proceedings. *See generally Robinson v. Thomas*, 855 F.3d 278, 285 (4th Cir. 2017) (setting forth the three *Younger* criteria in the context of a § 2241 petition). Moreover, Petitioner has not made a showing of "extraordinary circumstances" justifying federal interference with the state proceedings. *See Robinson*, 855 F.3d at 286 ("A federal court may disregard *Younger*'s mandate to abstain from interfering with ongoing state proceedings only where 'extraordinary circumstances' exist that present the possibility of irreparable harm."). Finally, the Court notes Petitioner has previously filed a § 2241 petition, which the Court dismissed for similar reasons. *See Workman v. Dir. of the Greenville Cty. Det. Ctr.*, No. 6:17-cv-00767-RBH, 2017 WL 2687894 (D.S.C. June 22, 2017) (dismissed based on *Younger* abstention), *appeal dismissed*, 704 F. App'x 273 (4th Cir. 2017). The Court will dismiss Petitioner's instant § 2241 petition.

**Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**Conclusion**

For the foregoing reasons, the Court overrules Petitioner's objections and adopts the Magistrate Judge's R & R [ECF No. 11]. Accordingly, the Court **DISMISSES** Petitioner's § 2241 petition *without prejudice* and without requiring Respondent to file an answer or return. The Court **DENIES** a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina
April 10, 2018

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge